IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

DAVID MICHAEL MCFEE, #47904                                    PETITIONER

VERSUS                            CIVIL ACTION NO. 2:10-cv-189-KS-MTP

M.D.O.C. RECORDS DEPARTMENT, et al.                            RESPONDENTS

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner David Michael McFee, an inmate at the South Mississippi Correctional Institution, Leakesville, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.

Petitioner states that he was sentenced on December 12, 1983, August 8, 1984, and March 5, 1985, for convictions of homicide, murder, rape and perjury in the Circuit Court of Jones County. Pet. [1] at 1. Petitioner received two life sentences plus twenty years in the custody of the Mississippi Department of Corrections (MDOC). Id. Petitioner argues as grounds for habeas relief that he was initially given a parole eligibility date when he was sentenced and that MDOC has since removed his parole eligibility date from his sentence computation. Pet. [1] at 5. As relief, Petitioner seeks an order of clarification of sentence "depicting properly calculated date of parole expectation." Pet. [1] at 15.

After reviewing Petitioner's application for habeas corpus relief and giving it liberal construction as required by *Haines v. Kerner*, 404 U.S. 519 (1972), the Court has come to the following conclusions.

It is a fundamental prerequisite to federal habeas relief that a Petitioner exhaust all of his claims in state courts prior to requesting federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir.1995), *cert. denied*, 116 S.Ct. 715 (1996). Title 28, Section 2254 of the United

States Code provides in part as follows:

> (b)(1) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> * * * * * * * * *
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

To satisfy the exhaustion requirement, Petitioner must present his claims to the state's highest court in a procedurally proper manner in order to provide the state courts with a fair opportunity to consider and pass upon the claims. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). "Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir.1999). In order to exhaust, Petitioner should contest the calculation of his sentence in the Circuit Court in the county in which he is incarcerated. *See Adams v. Gibbs,* 988 So. 2d 395 (Miss. Ct. App. 2008) (prisoner contesting the calculation of his sentence exhausted his administrative remedies through MDOC then filed a complaint in the Circuit Court challenging same); *Guy v. State of Mississippi*, 915 So.2d 508 (Miss. Ct. App. 2005) (holding that when prisoner is contesting the calculation of his sentence as opposed to the validity of his conviction or resulting sentence, the proper venue is the Circuit Court in the county in which the prisoner

resides).

Petitioner states that he filed a "petition for relief" in Jones County Circuit Court regarding the claims presented in his petition on August 24, 2010.  Resp. [6] at 2.  Petitioner further states that the petition which he filed in Jones County Circuit Court is still pending as he has received no ruling or answer from his petition.  *Id.*  As such, Petitioner's application will be dismissed for failure to exhaust his available state remedies as he is in the process of doing same.

A Final Judgment in accordance with this Memorandum Opinion and Order will be issued this date.

SO ORDERED AND ADJUDGED, this the 2nd  day of November, 2010.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE